UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

S.C.,

        Plaintiff,

    vs.

WYNDHAM HOTELS AND RESORTS, INC. et al.,

        Defendants.

------------------------------------------------

CASE NO. 1:23-CV-00871

OPINION & ORDER
[Resolving Docs. 76, 93]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this sex trafficking case, Plaintiff S.C. sues eight hotel corporations, including Defendants Wyndham Hotels and Resorts, Inc. ("Wyndham") and Days Inn Worldwide, Inc ("Days Inn").[1] As a sex trafficking victim, Plaintiff alleges that Defendants benefited financially from trafficking ventures that they knew, or should have known, violated the Trafficking Victims Protection Reauthorization Act ("TVPRA").[2] Plaintiff names Wyndham and Days Inn as defendants for their alleged roles in her trafficking at Lakewood Days Inn by Wyndham.

Now, Erie Insurance Exchange ("Erie") asks for leave to intervene in this action.[3] Erie seeks declaratory judgment regarding insurance coverage issues. These insurance coverage issues arise under an insurance contract between Erie and Romara, LLC, which operates the Lakewood Days Inn by Wyndham. Erie seeks a ruling that it has no contractual duty to

---

[1] The eight Defendants are Wyndham Hotels and Resorts, Inc., Days Inn Worldwide, Inc., Choice Hotels International, Inc., Six Continents Hotels, Inc., Holiday Hospitality Franchising, LLC., Crowne Plaza, LLC., Red Roof Inns, Inc., and Red Roof Franchising, LLC.
[2] Doc. 79 at 48 (PageID 237).
[3] Docs. 76, 93.

Case No. 1:23-cv-00871
Gwin, J.

defend and indemnify Wyndham and Days Inn in this case.

Plaintiff opposes Erie's motion for leave to intervene.[4]

For the following reasons, the Court **DENIES** Erie's motion for leave to intervene. This denial does not stop Erie from raising its claims in a separate declaratory judgment action.

## I. Discussion

Erie alleges it is entitled to intervention as of right under Federal Rule of Civil Procedure 24(a), or, in the alternative, permissive intervention under Rule 24(b).

### A. Intervention as of right

The moving party must meet a four-part test for intervention as of right: (1) the motion to intervene is timely; (2) that a substantial legal interest is involved; (3) that its ability to protect its interests will be impaired without intervention; and (4) that the existing parties do not adequately represent its interests.[5]

Here, even though Erie's motion to intervene is timely, Erie fails to meet the remaining elements. First, Erie only has a contingent legal interest, not a substantial legal interest. Erie's interest in this lawsuit depends on two future determinations: (1) whether Erie has obligations under the insurance contract and (2) whether Wyndham or Days Inn is liable in this lawsuit. In similar cases, courts have routinely denied intervention to insurers contesting potential coverage when their interest in the underlying action is no more than contingent.[6]

Second, lack of intervention would not impair Erie's ability to protect its interests, as

---

[4] Doc. 97.
[5] *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir.1993)).
[6] *See M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-00849, 2022 WL 622124, at *2-3 (S.D. Ohio Mar. 3, 2022) (collecting cases).

-2-

Case No. 1:23-cv-00871
Gwin, J.

Erie can still pursue a separate declaratory action to determine its obligations under the insurance contract, if any. Third, Erie has not shown why the existing parties do not adequately represent Erie's interests in this lawsuit. Wyndham, Days Inn, and Erie all have the same interest in avoiding liability. Even though there is a dispute related to insurance coverage, that insurance coverage dispute does not change Wyndham's and Days Inn's motivation to avoid liability to Plaintiff.

### B. Permissive intervention

As Erie fails to meet the required elements for intervention as of right, the Court moves on to permissive intervention.

Under Federal Rule of Civil Procedure 24(b), a court may permit any proposed party to intervene in a case if the proposed party "has a claim or defense that shares with the main action a common question of law or fact."[7] When a court examines whether to allow permissive intervention, the court must ask if "the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[8]

Here, Erie's proposed Intervening Complaint does not share a common question of law or fact with Plaintiff's claims. Erie's insurance contract dispute is separate from Plaintiff's claims under the Trafficking Victims Protection Reauthorization Act. The intervention would bring new legal issues into this lawsuit and cause delay. So, the Court will not permit Erie to intervene.

### II. Conclusion

For the above reasons, this Court **DENIES** Erie's motion for leave to intervene.

---

[7] Fed. R. Civ. P. 24(b)(1)(B).
[8] Fed. R. Civ. P. 24(b)(3).

-3-

Case No. 1:23-cv-00871
Gwin, J.

    IT IS SO ORDERED.


Dated: August 1, 2023                *s/      James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE