UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| S.C., | : | CASE NO. 1:23-cv-00871 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 107] |
| v. | : | |
| WYNDHAM HOTELS AND RESORTS, INC., et al., | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this sex trafficking case, Plaintiff S.C. seeks an order allowing her to proceed under a pseudonym.[1] Defendants do not object to using a pseudonym during the pre-trial phase of this case.[2]

A plaintiff must usually identify herself.[3] But, if the plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings," a court may allow her to proceed under a pseudonym.[4] In weighing the plaintiff's privacy interests, a court considers several factors, including whether identifying the plaintiff would disclose information "of the utmost intimacy."[5]

Here, the Court finds that identifying Plaintiff would reveal such intimate information. The allegations that Plaintiff was prostituted and sexually abused are deeply personal and

---

[1] Doc. 107.
[2] Doc. 114 at 1. Defendants filed multiple responses to Plaintiff's motion. There is one primary response. Doc. 114. The rest of the responses (Docs. 113, 115, 116) mostly adopt the primary response's arguments.
[3] Fed. R. Civ. P. 10(a).
[4] *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).
[5] *Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

Case No. 1:23-cv-00871
GWIN, J.

sensitive. If Plaintiff's identity were public, the allegations in this suit could impose stigma and harassment.

Courts in this Circuit and across the country have also routinely permitted sex trafficking victims to sue under pseudonyms.[6]

Therefore, the Court **GRANTS** Plaintiff's motion to proceed under a pseudonym at the pre-trial stage of this case. It is premature at this point to consider whether Plaintiff can use a pseudonym at trial.

\*     \*     \*

While Defendants do not object to use of a pseudonym, they object to one of Plaintiff's proposed limits on Defendants' ability to disclose Plaintiff's identity to her alleged traffickers.[7]

Plaintiff proposes that, if Defendants wish to disclose her identity to her alleged traffickers, they must provide the reasons why and seek the Court's permission.[8] Defendants take issue with the reasons-giving requirement.[9] Defendants argue that forcing them to explain why would reveal privileged work product.[10] So, Defendants suggest a compromise. Under Defendants' proposal, they would still need to seek Court permission, but could do so ex parte.[11]

The Court understands Defendants' concerns. However, it is obvious in this case that the alleged traffickers will have important information about the trafficking at issue. That

---

[6] *See, e.g., H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697, 713 (E.D. Mich. 2020); *L.H. v. Marriott Int'l, Inc.*, 604 F. Supp. 3d 1346, 1352 n.1 (S.D. Fla. 2022); *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-cv-00656-BLF, 2020 WL 4368214, at \*10 (N.D. Cal. July 30, 2020).
[7] Doc. 114.
[8] Doc. 107-2 at ¶ 3(l).
[9] Doc. 114 at 11.
[10] *Id.*
[11] Doc. 114-2 at ¶ 3(m).

- 2 -

Case No. 1:23-cv-00871
GWIN, J.

information likely could not be discovered without disclosing Plaintiff's identity, and telling Plaintiff would likely not reveal any attorney work product. Indeed, in at least one other sex trafficking case, a court has adopted disclosure restrictions similar to Plaintiff's initial proposal.[12]

Further, the Court strongly disfavors ex parte communications to the Court, so it will not permit ex parte contact without a stronger showing that work product would be at risk.

Accordingly, the Court **ENTERS** the protective order attached to this Order. The protective order is based on Exhibit B to the response filed by Defendants Holiday Hospitality Franchising, LLC and Six Continents Hotels, Inc.,[13] with some modifications.

    IT IS SO ORDERED.

Dated: September 27, 2023      *s/ James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[12] *A.C. v. Red Roof Inns, Inc.*, No. 2:19-cv-4965, 2020 WL 5361731, at *5 (S.D. Ohio Sept. 8, 2020).
[13] Doc. 114-2.