UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| S.C., | CASE NO. 1:23-cv-00871 |
| Plaintiff, | OPINION & ORDER<br>[Resolving Docs. 111, 127] |
| v. | |
| WYNDHAM HOTELS AND RESORTS, INC., et al., | |
| Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this sex trafficking case, Plaintiff S.C. sues eight hotel corporations for violations of the Trafficking Victims Protection Reauthorization Act. Among those eight hotel corporations are Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC (the Red Roof Defendants).

Now, Liberty Mutual Fire Insurance Company asks the Court for permission to intervene in this case.[1] Specifically, Liberty Mutual asks to intervene so that it can seek a declaratory judgment regarding its insurance obligations to the Red Roof Defendants.[2]

Liberty Mutual argues that it is entitled to either intervention as of right or permissive intervention.[3] The Court has already denied a motion to intervene by another insurer seeking a declaratory judgment as to other defendants.[4] For similar reasons, the Court **DENIES** Liberty Mutual's motion.

---

[1] Doc. 111.
[2] *Id.* at 4.
[3] *Id.* at 4–6.
[4] Doc. 103. The Court cites to this order as its "Prior Order."

Case No. 1:23-cv-00871
GWIN, J.

**Intervention as of Right.** To intervene as of right, a moving party must show that (1) its intervention motion is timely; (2) a substantial legal interest is involved; (3) its ability to protect its interests will be impaired without intervention; and (4) the existing parties do not adequately represent its interests.[5]

In this case, Liberty Mutual's motion fails on the last three factors. The second factor is not met because Liberty Mutual's legal interest is only contingent, not substantial.[6] The third factor is also not met because Liberty Mutual may protect its interests with a separate declaratory judgment action.[7] And the fourth factor is not met because the Red Roof Defendants and Liberty Mutual share the same interest in avoiding liability to Plaintiff S.C.[8] Therefore, Liberty Mutual may not intervene as of right.

**Permissive Intervention.** Federal Rule of Civil Procedure 24(b) permits a party to intervene if that party "has a claim or defense that shares with the main action a common question of law or fact."[9] If a common question exists, the Court must then ask if "the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[10]

Here, there is no common question because Liberty Mutual's insurance dispute with the Red Roof Defendants is separate from Plaintiff's claims under the Trafficking Victims Protection Reauthorization Act.[11] Allowing new insurance issues into this case would also delay Plaintiff's original claims.[12] So, the Court denies permissive intervention as well.

---

[5] *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir.1993)).
[6] Prior Order at 2 (citing *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-00849, 2022 WL 622124, at *2–3 (S.D. Ohio Mar. 3, 2022)).
[7] *Id.* at 2–3.
[8] *Id.* at 3.
[9] Fed. R. Civ. P. 24(b)(1)(B).
[10] Fed. R. Civ. P. 24(b)(3).
[11] Prior Order at 3.
[12] *Id.*

Case No. 1:23-cv-00871
GWIN, J.

* * *

For the reasons above, the Court **DENIES** Liberty Mutual's motion to intervene. Because the Court denies the motion to intervene, it also **DENIES** the Red Roof Defendants' motion for leave to file a late opposition[13] as moot.[14]

IT IS SO ORDERED.

Dated: October 10, 2023         *s/    James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[13] Doc. 127.
[14] The Court did not consider the Red Roof Defendants' opposition.

- 3 -