UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| S.C., | : | CASE NO. 1:23-cv-00871 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Docs. 145, 147] |
| v. | : | |
| WYNDHAM HOTELS AND RESORTS, INC., et al., | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this sex trafficking case, Plaintiff S.C. has filed two motions asking the Court to resolve three discovery disputes. First, S.C. asks the Court to compel 30(b)(6) depositions from four corporate parent Defendants.[1] Second, S.C. asks the Court to allow her to take more than ten depositions.[2] And third, S.C. asks the Court to clarify that the Court has not ordered S.C. to produce a full social media download.[3]

It does not appear that the parties have met and conferred as required by the Federal and Local Rules.[4] As such, the Court **ORDERS** the parties to meet and confer via live discussion (*i.e.*, telephone, videoconference, or in-person) within **seven (7) days** of this Order. If the parties are unable to resolve their disputes through the meet and confer process, they shall file a joint report within **ten (10) days** of this Order. In their joint report, the parties

---

[1] Doc. 145.
[2] *Id.*
[3] Doc. 147.
[4] Fed. R. Civ. P. 37(a)(1) (requiring a certification that parties met and conferred before filing a motion to compel); LR 37.1(a)(1) (requiring the parties to make good faith efforts to resolve discovery disputes before seeking court intervention).

Case No. 1:23-cv-00871
GWIN, J.

should identify the remaining areas of dispute and their respective positions on those disputes. The report shall not exceed **ten (10) pages**.

Although the Court does not now decide any of the parties' discovery disputes, the Court provides one observation to guide meet and confer discussions and in the interest of efficiency:

The Court did not previously order S.C. to provide a full social media download to Defendants. However, S.C.'s social media is likely relevant. That is particularly true of social media activity during the alleged trafficking period. But more recent social media activity may still be relevant to damages, as Defendants indicated at the last status conference. As such, it appears that broad discovery into S.C.'s social media is likely appropriate.

IT IS SO ORDERED.

Dated: December 5, 2023       *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE