UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| S.C., | CASE NO. 1:23-cv-00871 |
| Plaintiff, | OPINION & ORDER |
|  | [Resolving Docs. 157, 158, 164] |
| v. |  |
| WYNDHAM HOTELS AND RESORTS, INC., et al., |  |
| Defendants. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this sex trafficking case, the parties seek Court rulings on four discovery disputes. First, Plaintiff seeks to compel each of the four corporate parent Defendants to produce 30(b)(6) representatives to discuss how Defendants collect and store data.[1] Second, Plaintiff asks the Court to allow her to take more than ten depositions.[2] Third, the parties disagree whether Plaintiff should be required to produce full downloads of her social media.[3] Fourth, two of the Defendants (the "Red Roof Defendants": Red Roof Franchising, LLC and Red Roof Inns, Inc.) seek to compel an independent psychological examination of Plaintiff.[4]

When the parties brought the first three discovery disputes to the Court's attention, they had not yet met and conferred as required by the Local Rules. Therefore, the Court ordered the parties to meet and confer before filing a report updating the Court on the parties'

---

[1] Doc. 158 at 2–5, 7–8.
[2] *Id.* at 5, 8.
[3] *Id.* at 5–6, 8–10.
[4] Doc. 157.

Case No. 1:23-cv-00871
GWIN, J.

respective positions.[5]  While the parties were completing the meet and confer process, the Red Roof Defendants raised the fourth discovery dispute to the Court.[6]

On December 18, 2023, the parties filed their joint report on the first three discovery disputes.  In the report, the parties agreed that Plaintiff's request for more than ten depositions was premature.[7]  Therefore, the Court **DENIES** Plaintiff's request for more than ten depositions, without prejudice to Plaintiff's ability to re-raise that request in the future.

However, the parties remained at an impasse on the 30(b)(6) depositions and social media.  Plaintiff also opposed the Red Roof Defendants' request for an independent psychological examination.[8]  The Red Roof Defendants filed a reply,[9] which Plaintiff moved to strike.[10]  The Court addresses each of the remaining disputes in turn.

<u>30(b)(6) Depositions.</u>  Plaintiff seeks depositions on Defendants' internal technological and information systems.[11]  Plaintiff claims that this is necessary to "understand the landscape of where documents are stored and [to be] better able to make requests specific to the software, hardware, or storage systems Defendants have."[12]

Defendants counter that such "discovery on discovery" is atypical and that Plaintiff's questions about Defendants' internal systems are more appropriately addressed in the meet and confer process.[13]

The Court agrees with Defendants.  Once a party makes a request for production, the responding party is obligated to search for all documents and information in its possession

---

[5] Doc. 158.
[6] Doc. 157.
[7] Doc. 158 at 5, 8.
[8] Doc. 160.
[9] Doc. 163.
[10] Doc. 164.
[11] *See* Doc. 158-1.
[12] Doc. 158 at 8.
[13] *Id.* at 3–4.

- 2 -

Case No. 1:23-cv-00871
GWIN, J.

that are responsive to that request.  As the Federal Rules make clear, this obligation extends to documents and information "stored in *any medium*."[14]  There is no need for the requesting party to specify a particular storage system; the requesting party's discovery requests will be just as effective without.

Although courts may authorize "discovery on discovery," doing so is generally only appropriate when there is some indication that discovery responses are inadequate or there is some other discovery misconduct.[15]  At this point, there is no showing that Defendants' responses are insufficient or that Defendants have engaged in discovery misconduct.  So, Plaintiff's requested 30(b)(6) depositions are not appropriate in this situation.

The Court **DENIES** Plaintiff's request for 30(b)(6) depositions without prejudice to Plaintiff's ability to re-raise her request in the future if circumstances show a need for the 30(b)(6) depositions after Defendants respond to discovery requests.

<u>Social Media.</u>  The parties dispute whether Plaintiff must produce a full download of her social media.  Plaintiff insists that Defendants narrow their social media requests either by category or search term.[16]  Defendants demand a full download.[17]

The Court finds that a full download is appropriate and proportional in this case.  As both parties agree, *collecting* a full social media download is not burdensome.[18]  Plaintiff, however, argues that *producing* a full download would be burdensome due to the extensive review required.[19]

---

[14] Fed. R. Civ. P. 34(a)(1)(A) (emphasis added).
[15] *LKQ Corp. v. Kia Motors Am., Inc.*, No. 21 C 3166, 2023 WL 4365899, at *5–6 (N.D. Ill. July 6, 2023).
[16] Doc. 158 at 9–10.
[17] *Id.* at 5.
[18] *Id.* at 6, 9.
[19] *Id.* at 9.

- 3 -

Case No. 1:23-cv-00871
GWIN, J.

But there is no suggestion that review would be unduly burdensome. It seems unlikely that Plaintiff's social media will contain much, if any, privileged material. Plaintiff may also designate portions of her social media as confidential under the Court's protective order.

Moreover, Plaintiff's social media activity from 2012 to 2019, the alleged trafficking period,[20] is closely related to core issues in this case. Plaintiff's social media activity before the period is also relevant to understanding how the alleged sex trafficking began. And Plaintiff's social media activity after the period is potentially relevant to damages.

That said, the social media activity more than two years before and more than two years after the period is likely less relevant, so the Court limits social media production to the period from January 1, 2010 to December 31, 2021. This limitation also further reduces the chance that attorney-client privileged material might be swept in, because Plaintiff did not file suit until July 2022.[21]

For these reasons, the Court **ORDERS** Plaintiff to produce full downloads of all her social media from the period January 1, 2010 to December 31, 2021, subject to withholding only for privilege.

Defendants also flag the issue that some of Plaintiff's social media accounts from before 2019 may have been hacked such that she no longer has access to them.[22] Although it does not appear that the parties have met and conferred regarding this issue, for the sake of efficiency, the Court clarifies that its order to turn over social media applies to pre-2019

---

[20] Defendants stated that the alleged trafficking period was from 2008 to 2013 in the parties' joint report. Doc. 158 at 2 n.2. It appears that Defendants mistakenly drew on allegations from another sex trafficking case before this Court, *R.C. v. Choice Hotels International, Inc.*, No. 5:23-cv-0872. The correct period of alleged trafficking is 2012 to 2019. Doc. 79 at ¶¶ 62, 68, 75, 82.
[21] Doc. 1.
[22] Doc. 158 at 5–6.

- 4 -

Case No. 1:23-cv-00871
GWIN, J.

accounts that may have been hacked. The parties should work collaboratively to recover Plaintiff's social media accounts. If that is not possible, Defendants may directly subpoena the social media companies.

**Motion to Strike Reply.** Plaintiff moves to strike the Red Roof Defendants' reply supporting their motion for an independent psychological examination.[23] Plaintiff argues that the reply is inappropriate because the Local Rules do not authorize replies for motions to compel. Plaintiffs represent that the Court previously orally directed that it would not permit replies on discovery motions.

The Court does not read the Local Rules to bar replies on discovery motions. Nor did the Court explicitly order that no replies would be allowed. However, the Court did order that responses to motions to compel were to be filed within four business days.[24] The purpose of that order was to ensure quick resolution of any discovery disputes.

The Red Roof Defendants did not file their reply expeditiously because they took more than four business days to file. Further, nothing in the Red Roof Defendants' reply changes the Court's analysis on the Red Roof Defendants' motion below. Therefore, the Court **STRIKES** the Red Roof Defendants' reply.

Moving forward, the Court will treat discovery motions as ripe for decision once the time for filing an opposition has passed. A party may move to file a reply (attaching the proposed reply) within four business days of any opposition, but the parties are advised that the Court may issue a decision before those four days have passed.

---

[23] Doc. 164.
[24] Minutes of Status Conference (Nov. 1, 2023).

- 5 -

Case No. 1:23-cv-00871
GWIN, J.

**Independent Psychological Examination.**  The Red Roof Defendants ask the Court to compel an independent psychological examination under Federal Rule of Civil Procedure 35.[25]

Courts may order an examination when (1) a party places her mental or physical condition "in controversy," (2) there is "good cause" for an examination, and (3) in its discretion, the court finds that an examination is appropriate under the circumstances of the case.[26]

Beginning with the "in controversy" requirement, the Court finds that Plaintiff has clearly placed her mental state in controversy because she alleges psychological and emotional injuries and damages.[27]  Indeed, according to the Red Roof Defendants, Plaintiff's discovery responses have focused on psychological injury as the main focus of Plaintiff's damages.[28]  Causation is also at issue because Plaintiff alleges that her psychological injuries were the result of her sex trafficking.[29]

There is also good cause for a psychological examination.  Good cause requires more than mere relevance,[30] but the Red Roof Defendants have met that bar in this case.  Although the Red Roof Defendants have access to Plaintiff's medical records, courts have observed that such records are not necessarily a sufficient substitute for an independent examination.[31]  Plaintiff's medical records here are likely from visits to doctors focused on treatment and

---

[25] Doc. 157.
[26] Fed. R. Civ. P. 35(a); *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964); *Byers v. Lincoln Elec. Co.*, No. 1:04-cv-17033, 2008 WL 3200277, at *1 (N.D. Ohio Aug. 5, 2008) (citing *Curtis v. Express, Inc.*, 868 F. Supp. 467, 468 (N.D.N.Y. 1994)).
[27] *E.g.*, Doc. 79 at ¶¶ 113, 174.
[28] Doc. 157 at 4–5.
[29] Doc. 79 at ¶ 174.
[30] *Schlagenhauf*, 379 U.S. at 118.
[31] *Weeks v. Sands*, No. 20-cv-2709-TMP, 2021 WL 1269086, at *3 (W.D. Tenn. Apr. 6, 2021) (collecting cases).

- 6 -

Case No. 1:23-cv-00871
GWIN, J.

diagnosis, not damages or causation. An examination with an eye towards the legal concepts of damages and causation would be likely to provide new—and important—information.

Finally, the Court determines that an examination is otherwise appropriate. In doing so, the Court weighs Plaintiff's safety and freedom against the need for facts from the proposed psychological examination.[32]

The Court takes seriously Plaintiff's concern that being required to recount her sex trafficking during an examination could be retraumatizing.[33] But in filing suit, Plaintiff placed her trafficking firmly and unavoidably at the center of this case. And for the reasons discussed above, the information that could be gathered from an examination is important to the Defendants' ability to defend themselves.

In similar situations, courts have ordered examinations over plaintiffs' objections.[34] Likewise here, the Court **ORDERS** Plaintiff to sit for a psychological examination. However, in balancing Plaintiff's legitimate health and safety concerns against Defendants' need for information, the Court places some limits on the examination:

The Court authorizes one psychological examination. Defendants should coordinate with each other to ensure that this single examination covers all necessary ground.

The psychological examination shall be conducted virtually, as the Red Roof Defendants offered.

---

[32] *Byers*, 2008 WL 3200277, at *1 (quoting 8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2235, at 494 (2nd ed.1994)).
[33] Doc. 160 at 1–3.
[34] *See Rose v. Microchip Tech., Inc.*, No. CV 22-4352, 2023 WL 6164555, at *3 (E.D. Pa. Sept. 21, 2023) (in a case where the plaintiff alleged disability discrimination due to her post-traumatic stress disorder, compelling an independent psychological evaluation and ordering the plaintiff to answer deposition questions about the origins of her post-traumatic stress disorder despite the plaintiff's concerns about retraumatization); *cf. Samirah v. Sabhnani*, 772 F. Supp. 2d 437, 445 (E.D.N.Y. 2011) (ordering a mental examination about mental and emotional damages in a case where plaintiffs alleged they were abused and forced to work as domestic servants). *But see J.S.X. ex rel. D.S.X. v. Foxhoven*, No. 4:17-cv-00417, 2018 WL 4701870, at *4 (S.D. Iowa July 20, 2018) (denying psychological examination of the plaintiffs when the plaintiffs submitted an unrebutted affidavit from a licensed social worker who testified that the proposed examination could retraumatize the plaintiffs).

Case No. 1:23-cv-00871
GWIN, J.

The parties should meet and confer in the first instance to decide all other parameters of the examination. This includes deciding the number of examiners, the identities of the examiner(s), the date and time of the examination, any limitations on who may observe or participate, and any other parameters that the parties believe to be important.

*   *   *

In summary, the Court rules as follows:  The Court **DENIES** without prejudice Plaintiff's requests for 30(b)(6) depositions and more than ten depositions.  The Court **ORDERS** Plaintiff to provide full social media downloads from January 1, 2010 to December 31, 2021, subject to any privilege.  The Court **STRIKES** the Red Roof Defendants' reply supporting their motion for independent examination.  And the Court **GRANTS** the Red Roof Defendants' motion to compel a psychological examination.

In the future, discovery motions shall become ripe for decision once the time to respond has passed.  If any party wishes to file a reply, that party must move for leave to file, and attach its proposed reply to that motion, within four business days of any response to a discovery motion.  However, the Court may issue its decision before the four days to move for leave to file have passed.

IT IS SO ORDERED.

Dated: January 2, 2024          *s/     James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE