UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|   |   |   |
|---|---|---|
| S.C., | : | CASE NO. 1:23-cv-00871 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 165] |
| v. | : |  |
| WYNDHAM HOTELS AND RESORTS, INC., et al., | : |  |
| Defendants. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this hotel sex trafficking case, Plaintiff S.C. asks the Court to compel additional discovery from Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC (Red Roof Defendants). Plaintiff's motion to compel marks the fourth discovery motion brought before the Court in the past two months.[1]

The crux of this most recent dispute is discovery regarding the Red Roof Defendants' corporate knowledge about human trafficking in the hotel industry generally, and the Red Roof Defendants' franchisee hotels specifically.[2] Plaintiff argues that the Red Roof Defendants "refuse[] to answer any question that asks for corporate knowledge" and will not provide discovery for any period other than Plaintiff's alleged trafficking period.[3]

As a result, Plaintiff asks the Court to order production of exceptionally broad categories of documents. For example, Plaintiff asks for: "complaints and reviews from customers"; "customer data and other indicators of trafficking including suspicious criminal

---

[1] *See* Docs. 145, 147, 157.
[2] Doc. 165 at 1.
[3] *Id.* at 3.

Case No. 1:23-cv-00871
GWIN, J.

activity"; and "emails between decision makers on [] knowledge of sex trafficking or commercial sex activities at [Red Roof] hotels."[4]

Some of this requested discovery is undoubtedly relevant. Emails providing evidence that decision makers knew of trafficking at Red Roof franchisees are important discovery. But other requested discovery has no clear connection to this case. Customer complaints about leaky faucets have nothing to do with Plaintiff's sex trafficking claims. And discovery about "suspicious criminal activity" would include all manner of irrelevant information.

Not only is Plaintiff's requested discovery overly broad, but it is also indeterminate. Plaintiff asks the Court to order discovery on information "including, but not necessarily limited to," the categories identified above.[5] Plaintiff's overarching argument that she is seeking the Red Roof Defendants' "corporate knowledge of human trafficking" does little to clarify the scope of discovery sought.[6]

Problematically, the parties also appear to be arguing past each other. While Plaintiff suggests that the Red Roof Defendants have essentially produced no discovery on their knowledge of sex trafficking in the hotel industry, the Red Roof Defendants tell a very different story. The Red Roof Defendants say that they have produced documents on corporate policies and procedures, training about human trafficking, employee manuals, audits and reports about the specific Red Roof franchisee where Plaintiff was allegedly trafficked, and other related documents.[7] If the Red Roof Defendants have accurately described their productions, it is not clear what else Plaintiff seeks.

Therefore, the Court **ORDERS** the parties to proceed as follows:

---

[4] Doc. 165 at 18.
[5] *Id.*
[6] *Id.* at 1.
[7] Doc. 167 at 2, 5.

- 2 -

Case No. 1:23-cv-00871
GWIN, J.

By **January 16, 2024**, Plaintiff shall file a supplemental statement listing the specific discovery requests that she seeks to compel further response on, describing the discovery to date that Plaintiff has received on those requests from the Red Roof Defendants, and identifying specific categories of documents or information that Plaintiff believes have not been but should be produced. For each requested category, Plaintiff should also offer a brief explanation about how that category relates to Plaintiff's claim.

Once Plaintiff has filed that supplemental statement, the parties shall meet and confer via live discussion regarding Plaintiff's specific requests. To the extent any issues remain unresolved following the meet and confer, the parties shall file a joint report outlining their respective positions by **January 23, 2024**. The joint report shall not exceed **ten (10) pages**.

IT IS SO ORDERED.

Dated: January 11, 2024         *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE