UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| S.C., | : | CASE NO. 1:23-cv-00871 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 177] |
| v. | : | |
| WYNDHAM HOTELS AND RESORTS, INC., et al., | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this hotel sex trafficking case, Plaintiff S.C. asks the Court to compel additional discovery from Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC (the Red Roof Defendants).[1]

Plaintiff's original discovery motion[2] was overbroad, so the Court ordered Plaintiff to narrow her discovery requests and to meet and confer with the Red Roof Defendants.[3] Having done so and having resolved some issues, the parties return to Court with two remaining discovery disputes over (1) search terms and (2) the identities of certain Red Roof employees.[4]

## Search Terms

The Red Roof Defendants have agreed to search their decisionmakers' emails for "documents relating to human trafficking and sex trafficking investigations nation-wide."[5]

---

[1] Doc. 177.
[2] Doc. 165.
[3] Doc. 173.
[4] Doc. 177 at 1.
[5] *Id.* at 5.

Case No. 1:23-cv-00871
GWIN, J.

However, the parties disagree about the search terms that the Red Roof Defendants must use.

The Red Roof Defendants say that it is sufficient to search only for the terms "human trafficking" and "sex trafficking."[6]  Plaintiff, however, wants the Red Roof Defendants to run a much longer list of search terms.[7]

At the outset, the Court finds that it is appropriate to require the Red Roof Defendants to search for their decisionmakers' emails showing general knowledge about sex trafficking.

To prevail on her claim under the Trafficking Victims Protection Reauthorization Act, Plaintiff S.C. must show that the Red Roof Defendants "knew or should have known" about her trafficking.[8]  Although general knowledge about sex trafficking's prevalence is not enough *on its own* to show that the Red Roof Defendants should have known about S.C.'s trafficking,[9] this does not mean evidence about such general knowledge could not potentially lead to admissible evidence.

General knowledge *in combination with* facts about S.C.'s particular circumstances can establish that the Red Roof Defendants should have known about S.C.'s trafficking.  That is because general knowledge about sex trafficking could color how the Red Roof Defendants should have interpreted signs of S.C.'s trafficking.

In any case, the Red Roof Defendants have already agreed to produce documents about nationwide sex trafficking investigations.  Since the Red Roof Defendants have agreed, they are obligated to conduct a thorough search.  Searching using only the terms "sex trafficking" and "human trafficking" could miss responsive documents.

---

[6] Doc. 177 at 7.
[7] *Id.* at 3–4.
[8] 18 U.S.C. § 1595(a); *see also Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021).
[9] *A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018, 1026 (D. Or. 2021); *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020).

- 2 -

Case No. 1:23-cv-00871
GWIN, J.

Still, Plaintiff's proposed search terms reach too far.  Many of the search terms would capture documents about general commercial sex.  The Trafficking Victims Protection Reauthorization Act, though, does not apply to all commercial sex.  It applies only to plaintiffs who were compelled to have commercial sex as a minor, or who were compelled to have commercial sex through force or threats.[10]

Therefore, the Court **ORDERS** the Red Roof Defendants to search their decisionmakers' emails from 2010 to 2019 using the modified search terms attached to this Order.  After that search identifies emails with the subject terms, the Red Roof Defendants may still review the documents in the search and separate documents that are not responsive.  Although the Red Roof Defendants must conduct this search, the Red Roof Defendants need not produce documents that are not about nationwide human trafficking or sex trafficking investigations.

If the parties disagree over the scope of the Red Roof Defendants' withholding, they may file another motion with the Court.  Likewise, if the Red Roof Defendants' search turns up significantly more documents to review than is proportional to the needs of this case, the Red Roof Defendants may file a motion for protective order.

But the parties must meet and confer and attempt to informally resolve any disputes before seeking Court intervention.

### Red Roof Employee Identities

Plaintiff S.C. also asks for the identities of Red Roof employees who have testified or given statements in any sex trafficking cases involving the Red Roof Defendants.[11]  The Red

---

[10] 18 U.S.C. § 1591(a) (criminal trafficking requires either use "of force, threats of force, fraud, coercion," or commercial sex involving those who have "not attained the age of 18 years"); see also A.B. v. Hilton Worldwide Holdings Inc., 484 F. Supp. 3d 921, 941 (D. Or. 2020).

[11] Doc. 177 at 7.

- 3 -

Case No. 1:23-cv-00871
GWIN, J.

Roof Defendants object that such discovery is not proportional and would violate other case protective orders.[12]

As the Court explained above, general knowledge about sex trafficking problems is relevant in this case. And although such knowledge is not core to the case, it should be easy enough to compile a list of people that the requested discovery is proportional.

There is also no reason to believe that disclosing the identities of employees will violate any protective order in another case. To the extent that the true identities of sex trafficking plaintiffs in other cases are protected, disclosing the Red Roof employees' identities will not reveal any plaintiff's true identity. Nor will disclosing Red Roof employees' identities reveal any other confidential information.

For these reasons, the Court **ORDERS** the Red Roof Defendants to produce a list of employees who have testified or given affidavits in other sex trafficking cases involving Red Roof, from 2010 to 2019. The Court expresses no opinion on whether further discovery into the substance of these employees' testimony is appropriate.

## Conclusion

In summary, the Court **ORDERS** the Red Roof Defendants to search their decisionmakers' emails from 2010 to 2019 using the modified search terms attached to this Order, and to produce a list of employees who have given statements or testimony in sex trafficking cases involving Red Roof from 2010 to 2019.

---

[12] Doc. 177 at 8. The Red Roof Defendants also say that Plaintiff has asked for summaries of each employees' statement or testimony, but Plaintiff does not make that request in the parties' joint report. *See id.* at 8. So, the Court only considers whether the Red Roof employees' identities are discoverable.

- 4 -

Case No. 1:23-cv-00871
GWIN, J.

    IT IS SO ORDERED.

Dated: January 25, 2024           *s/     James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE