UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|   |   |
|---|---|
| S.C., | CASE NO. 1:23-cv-00871 |
| Plaintiff, | ORDER |
|  | [Resolving Doc. 204] |
| v. |  |
| WYNDHAM HOTELS AND RESORTS, INC., et al., |  |
| Defendants. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this hotel sex trafficking case, Plaintiff S.C. moves to extend a previous discovery order that had affected only the Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC (the Red Roof Defendants).  Plaintiff seeks to apply the same order to all other Defendants.[1]

In this case, Plaintiff S.C. alleges that someone trafficked her for prostitution to men at certain discreet Northern Ohio hotels.  Plaintiff has chosen not to sue her traffickers and has chosen not to sue the hotels where she was kept during the trafficking.  Instead, she sues the national hotel franchisors who franchised the non-defendant franchisees where Plaintiff stayed.

Specifically, Plaintiff asks the Court to compel Defendants to conduct certain electronically stored decisionmaker email searches, and to provide a list of employees who have testified in similar hotel sex trafficking cases.[2]

---

[1] Doc. 204.  The Court addressed case scheduling in a separate order (Doc. 206), so Plaintiff's request for deadline extensions is moot.
[2] Doc. 204.

Case No. 1:23-cv-00871
GWIN, J.

After filing the motion for all parties, Plaintiff reached an agreement with all Defendants except for Defendants Wyndham Hotels and Resorts, Inc. and Days Inn Worldwide, Inc. (the Wyndham Defendants).[3] So, only the dispute with the Wyndham Defendants remains.

The Wyndham Defendants oppose Plaintiff's motion.[4] The Wyndham Defendants say that they are differently positioned than the Red Roof Defendants because Wyndham oversees more than 9,000 hotels while Red Roof oversees only about 700 hotels.[5] The Wyndham Defendants also say they ran the same search that the Court ordered Red Roof to conduct, and that search yielded hundreds of thousands of documents.[6]

The Wyndham Defendants have demonstrated they differ enough from the Red Roof Defendants that the Court should not extend its earlier Red Roof discovery order to Wyndham. Moreover, extending the Red Roof discovery order may pose proportionality issues due to the volume of documents that Wyndham's initial search turned up.

Because much is still unknown about how Wyndham can respond to Plaintiff's discovery requests in accordance with Rule 26's proportionality requirement, the Court orders Plaintiff and the Wyndham Defendants to meet and confer in the first instance.

To guide the parties' meet and confer, the Court observes that extending the Red Roof discovery order to Wyndham does not appear proportional to the needs of this case. Nor does discovery from Wyndham's non-Days Inn brands, particularly Wyndham's luxury brands, seem very relevant. The Court encourages the parties to consider whether narrower

---

[3] Docs. 212, 213.
[4] Doc. 209.
[5] *Id.* at 6.
[6] *Id.*

Case No. 1:23-cv-00871
GWIN, J.

requests focused on the Days Inn or similar market segment Wyndham brands would be appropriate.

The parties shall meet and confer via live conversation by **February 13, 2024**. They shall file a joint report identifying any remaining disputes and the parties' respective positions by **February 14, 2024**. The joint report shall not exceed **ten (10) pages**.

IT IS SO ORDERED.

Dated: February 7, 2024              *s/     James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE