UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| S.C., | : | CASE NO. 1:23-cv-00871 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Docs. 207, 211, 215, 217] |
| v. | : | |
| WYNDHAM HOTELS AND RESORTS, INC., et al., | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this hotel sex trafficking case, Defendants have respectively filed four motions to seal various exhibits they intend to file with their dispositive motions.

When parties seek to "place material in the court record," sealing is disfavored.[1] There is a "'strong presumption in favor of openness' as to court records,"[2] so "[o]nly the most compelling reasons can justify" sealing.[3]

Applying this strict standard, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' sealing motions.

*Red Roof Motion.* Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC seek to seal five documents: (1) Red Roof's 2012 brand standards; (2) Red Roof's 2010 Operations Manual; (3) Red Roof's safety and security presentation; (4) Red Roof's training on preventing and reacting to child sex trafficking; and (5) Plaintiff S.C.'s deposition transcript.[4]

---

[1] *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).
[2] *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).
[3] *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).
[4] Doc. 207.

Case No. 1:23-cv-00871
GWIN, J.

The Red Roof Defendants suggest that documents (1)–(4) contain confidential trade secrets that would harm their competitive standing if released publicly.[5] The Red Roof Defendants say that these documents describe "what makes a Red Roof branded property distinct from any other competitor hotel," and "represent Red Roof's operational strategy."[6]

But competitors can tell how Red Roof sets itself apart by visiting and observing Red Roof branded properties that are open to the public. And even if brand standards are disclosed, Red Roof can still protect the value of its branding through trademark or trade dress suits.

Moreover, Red Roof's vague references to "operational strategy" and "organizational and managerial structures" do not justify sealing.[7] Red Roof does not explain why disclosing operational strategy or organizational structures would be competitively harmful, so Red Roof has not demonstrated "compelling reasons" for sealing.

However, information regarding franchise fees and royalties are likely trade secret, so Red Roof may redact such information from its franchise agreement.[8] Red Roof must file an unredacted version of the franchise agreement under seal.

Therefore, the Court **DENIES** Red Roof's motion to seal documents (1)–(4), except that Red Roof may redact information about franchise fees and royalties.

However, the Court finds that there are compelling reasons to seal portions of Plaintiff S.C.'s deposition transcript. As the Court earlier held, S.C.'s privacy interests justify keeping her identity confidential during pre-trial proceedings.[9]

---

[5] Doc. 207 at 3–4.
[6] *Id.* at 3.
[7] *Id.*
[8] *See* Doc. 205 (granting motion to seal discrete information about fees and royalties in franchise agreements).
[9] Doc. 123.

Case No. 1:23-cv-00871
GWIN, J.

So, the Court **GRANTS IN PART** and **DENIES IN PART** Red Roof's request to seal Plaintiff's deposition transcript. Red Roof shall redact Plaintiff's identifying information from the publicly filed version of Plaintiff's deposition transcript. However, other information, such as descriptions of events, cannot be redacted. Red Roof must file an unredacted version of Plaintiff's deposition transcript under seal.

*Wyndham Motion.* Defendants Wyndham Resorts & Hotels, Inc. and Days Inns Worldwide, Inc. seek to seal Plaintiff S.C.'s interrogatory responses and deposition transcript.[10]

As with Red Roof's motion, there are compelling reasons to seal Plaintiff's identifying information. Thus, the Court **GRANTS IN PART** and **DENIES IN PART** Wyndham's motion. Wyndham shall redact Plaintiff's identifying information from the publicly filed versions of Plaintiff's interrogatory responses and deposition transcript, and Wyndham must file unredacted copies under seal.

*Six Continents Motion.* Defendants Six Continents Hotels, Inc. and Holiday Hospitality Franchising LLC also seek to seal Plaintiff's interrogatory responses and deposition transcript. Further, these two Defendants seek to file a public, redacted version of their dispositive motion, with Plaintiff's identifying information redacted.[11]

For the reasons already given above, the Court **GRANTS IN PART** and **DENIES IN PART** Six Continents' motion. Six Continents shall file public versions of these three documents with Plaintiff's identifying information redacted, and file unredacted versions under seal.

---

[10] Doc. 211.
[11] Doc. 215.

Case No. 1:23-cv-00871
GWIN, J.

*Choice Hotels Motion.*  Defendant Choice Hotels International, Inc. seeks to seal ten sets of documents: (1) Plaintiff S.C.'s medical records; (2) Plaintiff S.C.'s mental health records; (3) Plaintiff S.C.'s deposition transcript; (4) Plaintiff S.C.'s mother's deposition transcript; (5) Choice's franchise agreement and related addendums; (6) Choice's franchise rules and regulations; (7) Choice's quality assurance reports; (8) compilation exhibits quoting language from the previous exhibits; (9) Choice's 30(b)(6) deposition; and (10) Choice's dispositive motion brief.[12]

The Court **GRANTS IN PART** and **DENIES IN PART** Choice's motion.

Consistent with the Court's above discussions about Plaintiff S.C.'s privacy, Choice shall file Plaintiff's medical and mental health records under seal in their entirety. Choice shall redact Plaintiff's identifying information from the publicly filed versions of Plaintiff's deposition transcript and her mother's deposition transcript. Choice shall file unredacted versions of those transcripts under seal.

For the reasons given in the Court's discussion of Red Roof's motion, Choice may not file categories (5)–(7) and (9) under seal, except that Choice may redact information about franchise fees or royalties. If Choice makes any redaction, it must file the unredacted versions under seal.

Choice shall redact documents in categories (8) and (10) only to the extent that the Court ordered redactions in the other document categories above. Choice must file its unredacted exhibits and motion under seal.

---

[12] Doc. 217.

- 4 -

Case No. 1:23-cv-00871
GWIN, J.

    IT IS SO ORDERED.

Dated: February 9, 2024          _s/    James S. Gwin_
                                                  JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE