UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| S.C., | CASE NO. 1:23-cv-00871 |
| Plaintiff, | ORDER |
| | [Resolving Doc. 227] |
| v. | |
| WYNDHAM HOTELS AND RESORTS, INC., et al., | |
| Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this hotel sex trafficking case, Defendant Choice Hotels International, Inc. asks for partial reconsideration of the Court's February 9, 2024 order that partially denied Choice's motion to seal in connection with summary judgment.[1] Specifically, Choice asks the Court to seal (1) a hotel franchise agreement, (2) hotel brand standards, and (3) quality assurance reports.[2] Choice also asks to seal those portions of other filings that quote or summarize these three document categories.[3] Choice argues that failure to seal this information is clear error and manifest injustice.

*Franchise Agreement.* The Court's February 9 order denied Choice's request to file the franchise agreement entirely under seal, but it permitted Choice to redact fee and royalty terms from the franchise agreement.[4] That is exactly what Choice has already done in the

---

[1] Doc. 227.
[2] *Id.* at 1.
[3] *Id.* at 1–2.
[4] Doc. 218 at 4.

Case No. 1:23-cv-00871
GWIN, J.

past. Choice publicly filed a redacted version of its franchise agreement with fee and royalty terms redacted.[5] Therefore, it is not clear error to require Choice to do the same again.

*Brand Standards and Quality Assurance Reports.* Choice's brand standards and quality assurance reports appear to be at the crux of Plaintiff's argument that the franchisee hotel where Plaintiff was trafficked is Choice's agent. That is because these documents are potentially important to how much control Choice exercised over its franchisee hotel.[6]

"[T]he public has a strong interest in obtaining the information contained in the court record," both to "assess for itself the merits of judicial decisions" and to understand "the conduct giving rise to the case."[7] This public interest is particularly strong in a case's adjudicative stage, which includes summary judgment.[8] At this stage, there is a "strong presumption in favor of openness."[9] A party looking to seal documents must show "compelling reasons" for sealing, and courts must apply the "compelling reasons" standard "with particular strictness."[10]

As noted above, the brand standards and quality assurance reports may contain important evidence regarding Choice's relation to the franchised hotel where the trafficking allegedly occurred. And as the Court already explained in its February 9, 2024 order, there are not compelling reasons for sealing those brand standards or quality assurance reports since third parties can tell how Choice hotels brand themselves "by visiting and observing [Choice] branded properties that are open to the public."[11]

---

[5] Doc. 181-7.
[6] *See* Restatement (Third) Of Agency § 1.01 cmt. f (2006).
[7] *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179–80 (6th Cir. 1983)).
[8] *See id.*
[9] *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179).
[10] *Id.* (citations omitted).
[11] Doc. 218 at 2.

- 2 -

Case No. 1:23-cv-00871
GWIN, J.

Choice now attempts to rebut the Court's conclusion by offering an affidavit. But Choice's affidavit only makes the conclusory assertion that "competitors would not be able to determine many of the factors that set Choice apart from its competitors simply by visiting and observing the properties."[12] Choice never identifies what these unobservable factors might be, nor does Choice point to any specific category of branding information or practices that would be revealed absent sealing.

This does not meet the high "compelling reasons" bar for sealing in the first instance, let alone establish clear error or manifest injustice.

For the reasons above, the Court **DENIES** Choice's reconsideration motion.

IT IS SO ORDERED.

Dated: February 13, 2024         *s/    James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[12] Doc. 227-1 at ¶ 5; *see also id.* at ¶ 18 ("The results of complying with the [brand standards] are not all readily observable to third parties.").

- 3 -