UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| S.C., | : | CASE NO. 1:23-cv-00871 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 228, 231, 244, |
| v. | : | 252, 253] |
| | : | |
| WYNDHAM HOTELS AND RESORTS, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

With this Order, the Court resolves several pending motions in this hotel sex trafficking case. First, Plaintiff moves to protect the names of her family members and her alleged traffickers from disclosure.[1] Second, Plaintiff asks the Court to allow her to take more than ten depositions.[2] And third, Plaintiff requests more time to respond to Defendants' summary judgment motions under Federal Rule of Civil Procedure 56(d).[3] Plaintiff also requests leave to file two replies supporting her Rule 56(d) motion.[4]

The Court addresses each motion in turn.

\* \* \*

*Protecting Names from Disclosure.* Plaintiff asks the Court to seal her family members' names and her alleged traffickers' names. Plaintiff says that those names would risk Plaintiff's privacy because those names could help the public identify her.[5] Plaintiff also

---

[1] Doc. 228.
[2] Doc. 231.
[3] Doc. 244.
[4] Docs. 252–53.
[5] Doc. 228 at 2.

Case No. 1:23-cv-00871
GWIN, J.

says that revealing those names could put her family at risk because Plaintiff's alleged traffickers threatened Plaintiff's family.[6]

Plaintiff must show that there are compelling reasons to justify sealing information.[7]

Here, there are compelling interests to seal family member names. The Court previously held that Plaintiff could protect her identity by using a pseudonym during this case's pre-trial stage.[8] The Court explained that Plaintiff has strong privacy interests and that publicly exposing Plaintiff's identity could "impose stigma and harassment."[9] Because family member names could be used to easily identify Plaintiff, these same reasons justify sealing the names of Plaintiff's family members.

However, Plaintiff's privacy interests are weaker when it comes to her alleged traffickers' names. The public would likely not be able to guess Plaintiff's identity solely based on her alleged traffickers' names. Only those who are already familiar with Plaintiff or her alleged traffickers might be able to make such a connection.

The public's interest in learning the alleged traffickers' names is also much stronger than the public's interest in learning the names of family members who are only tangentially connected to the events underlying this case. There is a significant interest in identifying alleged sex traffickers in the community.[10]

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to protect names from disclosure. The parties shall redact the names of Plaintiff's

---

[6] Doc. 228 at 2.
[7] *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).
[8] Doc. 123.
[9] *Id.* at 1–2.
[10] *Shane Grp.*, 825 F.3d at 305 ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.").

Case No. 1:23-cv-00871
GWIN, J.

family members from all pre-trial filings and shall file unredacted document versions under seal. But the parties shall not redact the alleged traffickers' names.

Plaintiff shall provide a list of family members to Defendants within **seven (7) days** of this Order. Only names on that list shall be redacted in future filings.

To the extent that the parties have filed documents with the alleged traffickers' names redacted, they shall file versions with the traffickers' names unredacted within **seven (7) days** of this Order.

This sealing Order applies only to this case's pre-trial phase. It is premature to determine whether and how names should be protected during trial.

*Additional Depositions.* Plaintiff asks the Court to allow her to take more than the ten depositions typically allowed under the Federal Rules.

Defendants object that Plaintiff has not made a "particularized showing" that Plaintiff needs more than ten depositions.[11] Defendants also note that Plaintiff has not yet met and conferred with Defendants about this request.[12]

The Court **DENIES** Plaintiff's motion without prejudice. Plaintiff should first meet and confer with Defendants to see if the parties can agree on a reasonable number of depositions, especially since at least one set of Defendants has expressed openness to allowing additional depositions.[13]

The parties shall meet and confer regarding this issue via live conversation within **seven (7) days** of this Order. If the parties cannot reach an agreement, Plaintiff may renew her motion at that time. In renewing her motion, Plaintiff must explain how the additional

---

[11] *E.g.*, Doc. 249 at 7.
[12] Doc. 247 at 2; Doc. 248 at 2.
[13] Doc. 248 at 2.

Case No. 1:23-cv-00871
GWIN, J.

proposed deponents have evidence, beyond general corporate knowledge, that specifically relates to Plaintiff's alleged trafficking.

*Rule 56(d).* Plaintiff seeks more time to oppose Defendants' summary judgment motions so that Plaintiff can take more discovery on Defendants' sex trafficking corporate knowledge.

Defendants take differing positions. Some oppose Plaintiff's motion in its entirety.[14] Some do not oppose a short extension but oppose Plaintiff's motion to the extent Plaintiff asks the Court to shorten discovery production deadlines.[15] And one set of Defendants has agreed with Plaintiff to extend the opposition deadline.[16] As a common theme, though, most Defendants argue that Plaintiff did not expeditiously pursue discovery.

Plaintiff filed two motions for leave to reply, arguing that she diligently pursued discovery.[17] The Court **GRANTS** Plaintiff's motions for leave to reply.

However, even considering Plaintiff's replies, the Court finds that Plaintiff has not justified an extension. As the Sixth Circuit has explained, the "main inquiry" under Rule 56(d) is "whether the moving party was diligent in pursuing discovery."[18] Here, Plaintiff was not diligent.

Plaintiff has long recognized the need for corporate knowledge discovery. As far back as July 2022, when Plaintiff filed her original complaint, Plaintiff made extensive allegations

---

[14] Doc. 245; Doc. 246.
[15] Doc. 248 at 4–5.
[16] Doc. 251 at 4.
[17] Doc. 252, 253.
[18] *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir.2010)).

Case No. 1:23-cv-00871
GWIN, J.

about the Defendants' sex trafficking corporate knowledge.[19] And in June 2023, Plaintiff filed her operative complaint expanding on those corporate knowledge allegations.[20]

Moreover, discovery opened on July 27, 2023 when the parties held their Rule 26(f) conference.[21] Plaintiff has also known about the dispositive motion opposition deadline since August 8, 2023.[22] In fact, the dispositive motion opposition deadline has already been twice extended. First from December 18, 2023 to February 19, 2024,[23] and then to February 26, 2024.[24] And in its most recent scheduling order, the Court stated that it will not modify the schedule any further absent "compelling reasons."[25]

In short, Plaintiff has had months to conduct discovery that Plaintiff knew she needed, and Plaintiff has had months of notice about her dispositive motion opposition deadline. Plaintiff should have made her corporate knowledge discovery requests shortly after August 8, 2023,[26] when the Court held the initial case management conference and set initial deadlines.

Yet, Plaintiff did not bring any discovery dispute about corporate knowledge to the Court's attention until January 2024.[27] And even then, Plaintiff only brought her discovery motion as to one set of Defendants. Plaintiff did not attempt to compel the same discovery from the other Defendants until February 2, 2024.[28]

---

[19] Doc. 1 at ¶¶ 110–25.
[20] Doc. 79 at ¶¶ 10–16, 43–45, 88–106.
[21] Doc. 102 at 1; Fed. R. Civ. P. 26(d) (discovery opens after the Rule 26(f) conference).
[22] Doc. 109.
[23] Non-Document Order (Nov. 29, 2023).
[24] Doc. 206.
[25] *Id.*
[26] Although the parties were still working out the parameters for disclosing Plaintiff's true identity at that time, Plaintiff could have requested discovery on general corporate policies and trainings without disclosing her identity.
[27] Doc. 165.
[28] Doc. 204.

Case No. 1:23-cv-00871
GWIN, J.

Although Plaintiff indicates that she discussed corporate knowledge discovery with Defendants earlier,[29] Plaintiff is not obligated to diligently *discuss* discovery. Plaintiff is obligated to diligently *take* discovery. On that point, Plaintiff has failed by not attempting to push for resolution on corporate knowledge discovery until just a few weeks ago.

For these reasons, the Court does not change dispositive motion deadlines and **DENIES** Plaintiff's Rule 56(d) motion. Nonetheless, in the interest of allowing the parties to develop a more complete record for summary judgment, the Court permits the parties to file supplements addressing newly received discovery after the parties finish the initial summary judgment briefing.

The parties must file any supplement by **March 12, 2024**. Supplements are limited to **seven (7) pages per side** and must only address discovery produced after Plaintiff files her summary judgment opposition.

Because Plaintiff's timing issues are of her own making, the Court does not establish any abbreviated deadlines for Defendants to comply with discovery requests. However, the Court expects Defendants to produce discovery in good faith in light of the deadline for supplementing.

\* \* \*

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to protect family member and alleged trafficker names. Family member names may be sealed, but alleged trafficker names may not be. The Court **DENIES** without prejudice Plaintiff's motion for more than ten depositions. The parties shall meet and confer regarding Plaintiff's deposition

---

[29] Docs. 252-1, 253-1.

- 6 -

Case No. 1:23-cv-00871
GWIN, J.

request. The Court **DENIES** Plaintiff's Rule 56(d) motion. However, each side may file summary judgment supplements not to exceed **seven (7) pages** by **March 12, 2024**.

    IT IS SO ORDERED.


Dated: February 20, 2024          *s/     James S. Gwin*
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE