UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| S.C., | CASE NO. 1:23-cv-00871 |
| Plaintiff, | OPINION & ORDER |
|  | [Resolving Docs. 254, 260] |
| v. |  |
| WYNDHAM HOTELS AND RESORTS, INC., et al., |  |
| Defendants. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

With this Order, the Court decides two discovery motions in this hotel sex trafficking case. For the reasons that follow, the Court **GRANTS IN PART**, **DENIES IN PART**, and **DEFERS IN PART** the two discovery motions.

**Cloned Discovery.** Plaintiff S.C. asks the Court for permission to use cloned discovery from other hotel sex trafficking cases against Defendant Wyndham Hotels and Resorts, Inc.[1]

In a joint status report, the two parties informed that Court they have agreed Plaintiff may use certain excerpts from the depositions of Michael Mueller and Jenny LaBold, subject to Wyndham's objections and conditions.[2] Therefore, the Court **GRANTS** Plaintiff's motion with respect to those two witnesses, subject to the objections and conditions identified in the parties' joint report and attached exhibits.[3]

However, Plaintiff and Wyndham disagree on whether Plaintiff may use excerpts from the depositions of Chris Nowak, Mary Falvey, Annmarie Fairweather, and John Meilstrup.

---

[1] Doc. 260.
[2] Doc. 268 at 1–2.
[3] *See id.*; Doc. 268-1; Doc. 268-2.

Case No. 1:23-cv-00871
GWIN, J.

Wyndham says that those four witnesses had left their Wyndham jobs by the time they were deposed.[4] Since those four witnesses were deposed under third-party subpoenas, Wyndham says that it cannot consent to use the witnesses' depositions on the witnesses' behalf.[5] Wyndham also argues that Plaintiff has failed to justify using those witnesses' depositions in this case.[6]

Plaintiff points to Federal Rule of Civil Procedure 32(a)(8).[7] Under this rule, parties can use depositions from earlier actions in two circumstances. First, such depositions may be used if the earlier action "involve[es] the same subject matter between the same parties, or their representatives or successors in interest."[8] Second, a party may also use depositions from earlier actions "as allowed by the Federal Rules of Evidence."[9]

In this case, the Court finds that Plaintiff may use the four prior depositions under Civil Rule 32(a)(8).

The first 32(a)(8) situation does not apply because the parties in the earlier action are different than the parties here. The four depositions come from *M.A. v. Wyndham Hotels and Resorts, Inc.*[10] While *M.A.* is a hotel sex trafficking case involving Defendant Wyndham, the plaintiff in *M.A.* is different than Plaintiff S.C. here. There is also no apparent connection between the two plaintiffs.

---

[4] Doc. 268-2 at 2.
[5] *Id.*
[6] Doc. 268 at 5.
[7] *Id.* at 8.
[8] Fed. R. Civ. P. 32(a)(8).
[9] *Id.*
[10] No. 2:19-cv-00849 (S.D. Ohio).

Case No. 1:23-cv-00871
GWIN, J.

However, the second 32(a)(8) situation applies here. A deposition is normally barred as hearsay under Federal Rule of Evidence 802. But in this case, a hearsay exception applies, so Plaintiff is allowed to use the prior depositions under the Evidence Rules.

The four depositions nearly satisfy the Evidence Rule 804(b)(1) exception for former testimony. This exception requires that the statement (A) be former testimony at a trial, hearing, or deposition, and (B) be offered against a party who had the opportunity and motive to develop that testimony through examination.[11] Since Plaintiff seeks to use deposition testimony, element (A) is satisfied. Because Defendant Wyndham's counsel represented the four deponents at issue in *M.A.*,[12] and because *M.A.* involved similar hotel sex trafficking claims, Wyndham had the opportunity and motive that element (B) requires.

But the Evidence Rule 804(b)(1) exception does not apply here because Rule 804 applies only to unavailable witnesses.[13] And Plaintiff S.C. has not suggested that any of the four witnesses at issue in this motion are unavailable.

Still, the residual hearsay exception in Evidence Rule 807 allows Plaintiff to use the depositions. Under Rule 807, the residual exception applies if (1) "the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement," (2) the statement is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts," and (3) notice is given to the adverse party.[14]

---

[11] Fed. R. Evid. 804(b)(1).
[12] Doc. 268 at 9.
[13] Fed. R. Evid. 804(b).
[14] Fed. R. Evid. 807.

- 3 -

Case No. 1:23-cv-00871
GWIN, J.

Beginning with the first element, the Court finds that the depositions at issue are trustworthy. The Rule 807 Advisory Committee Notes for the most recent 2019 revision explain that "a court assessing guarantees of trustworthiness may consider whether the statement is a 'near-miss' of one of the Rule 803 or 804 exceptions."[15] In doing so, a court should evaluate both how the "near-miss" shows trustworthiness, and also whether the "reasons that the hearsay misses the admissibility requirements of the standard exception" take away from trustworthiness.[16]

As the Court discussed above, the depositions at issue are a "near-miss" for the Evidence Rule 804(b)(1) exception. That the testimony was given at deposition is a sign of trustworthiness because depositions are given under oath. And Wyndham's opportunity and motivation to fully develop the deposition testimony further ensure trustworthiness since Wyndham could have and was incentivized to address anything it believed to be inaccurate.

The only Rule 804(b)(1) requirement that these four depositions do not satisfy is the unavailability requirement. Availability has no bearing on trustworthiness, though. So, the Court finds that the depositions are sufficiently trustworthy.

Turning to the second element, the Court finds that these four depositions are more probative of Defendant Wyndham's general corporate knowledge than other discovery that could reasonably be obtained by the summary judgment deadline. Witness testimony captures nuances that documents cannot, so corporate knowledge documents are not an adequate substitute.

---

[15] Fed. R. Evid. 807 advisory committee's note to 2019 amendment; *see also United States v. Laster*, 258 F.3d 525, 529 (6th Cir. 2001) (hearsay can be admitted under the Rule 807 residual exception even if it is close to, but not specifically covered by, a Rule 803 or Rule 804 exception).
[16] *Id.*

- 4 -

Case No. 1:23-cv-00871
GWIN, J.

Plaintiff S.C.'s summary judgment supplement is due on March 14, 2024,[17] so there is not enough time for Plaintiff to subpoena and depose the four witnesses in question before that time.

Even though Plaintiff is mostly responsible for this time pressure by not pursuing discovery more vigorously, Evidence Rule 102 tells courts to generally construe the Evidence rules "so as to administer every proceeding fairly, eliminate unjustifiable expense and delay and . . . to the end of ascertaining the truth and securing a just determination."[18]

Requiring Plaintiff to subpoena and depose witnesses for essentially the same testimony they already gave in another case creates "unjustifiable expense and delay." And in the interest of "securing a just determination" by allowing Plaintiff to present her strongest possible case on the merits rather than weaken her case due to procedural limitations, it is fair to allow Plaintiff to use these depositions. It is also fair to Defendant Wyndham because there is essentially no burden to Wyndham and Wyndham's counsel are already familiar with the depositions.

So, the Court **GRANTS** Plaintiff's motion as to using the depositions of Chris Nowak, Mary Falvey, Annmarie Fairweather, and John Meilstrup. This Order only permits Plaintiff to use these depositions in responding to summary judgment motions. There is ample time for Plaintiff to seek these four deponents' consent before trial, so for trial purposes, Plaintiff should first attempt to obtain that consent before moving to use the depositions against the deponents' wishes.

---

[17] Doc. 261.
[18] Fed. R. Evid. 102.

Case No. 1:23-cv-00871
GWIN, J.

**Corporate Knowledge Discovery.** Plaintiff S.C. also asks the Court to compel certain corporate knowledge discovery.[19]

According to the parties' joint report, the only live dispute is between Plaintiff and Defendant Wyndham.[20] Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion as to all Non-Wyndham Defendants. The Court also **DENIES** Plaintiff's scheduling request, since the Court already addressed that request earlier.[21]

As for Plaintiff's dispute with Wyndham, there appear to be two related disputes for the Court to address.

First, Defendant Wyndham has agreed to produce documents from the *M.A.* case excluding documents that are specific to the hotel in *M.A.*[22] Plaintiff wants the hotel-specific documents as well, but Wyndham says that they are irrelevant.

The Court agrees that not all hotel-specific documents are relevant. For example, franchise agreements for the *M.A.* hotels have no bearing on the hotels at issue in this case. But as the Court previously explained, general knowledge about sex trafficking is probably relevant. To the extent that any of the hotel-specific *M.A.* documents hit on the search terms from the Court's January 25, 2024 Order,[23] they are likely relevant and discoverable.

Given that Defendant Wyndham has already reviewed the *M.A.* documents, producing those documents should be a minimal burden. Thus, the Court **GRANTS IN PART** Plaintiff's motion as to hotel-specific documents. Defendant Wyndham must produce hotel-specific *M.A.* documents that hit on search terms from the Court's January 25, 2024 Order.

---

[19] Doc. 254.
[20] Doc. 269 at 1.
[21] *See* Doc. 206.
[22] Doc. 269 at 1, 4.
[23] Doc. 182-1.

- 6 -

Case No. 1:23-cv-00871
GWIN, J.

Second, Plaintiff and Wyndham have a dispute about required search terms for a broader search of Wyndham's files. Based on the parties' joint status report, these four search terms appear to be the primary point of disagreement[24]:

- "human trafficking"
- pimp*
- (viol* OR abus* OR crim*) AND (girl* OR wom* OR hooker OR prostitute*)
- (backpage OR craigslist OR ad) AND (prostitute* OR solicit* OR hooker* OR pimp* OR escort*)

According to Defendant Wyndham, these search terms yield hundreds of thousands of documents, and reviewing that number of documents is disproportionate and unduly burdensome.

The Court agrees that reviewing hundreds of thousands of documents is disproportionate in this case. But it is not clear how the search terms may be modified to yield a proportionate number of documents. So, the Court **ORDERS** the parties to submit a follow-up joint report by **12 PM, March 4, 2024**. In the follow-up report, the parties should identify document hit counts for any proposed narrower search terms as well as for the following search term, "(viol* OR abus* OR crim*) /50 (girl* OR wom* OR hooker OR prostitute*)."

IT IS SO ORDERED.

Dated: March 1, 2024　　　　　　　　　　　　s/　　*James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[24] Doc. 269 at 3.