UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| S.C., | : | CASE NO. 1:23-cv-00871 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 170] |
| v. | : | |
| | : | |
| WYNDHAM HOTELS AND RESORTS, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this hotel sex trafficking case, Plaintiff S.C. sues eight defendants for violations of the Trafficking Victims Protection Reauthorization Act. Plaintiff alleges that she was trafficked at four Ohio hotels, including a Crowne Plaza in Independence, Ohio.[1] Plaintiff says that she can hold Defendant Crowne Plaza, LLC responsible for her trafficking at the Crowne Plaza hotel because Defendant Crowne Plaza is the franchisor for that hotel.[2]

Defendant Crowne Plaza moves to dismiss for lack of personal jurisdiction or, in the alternative, failure to state a claim.[3] Defendant Crowne Plaza argues that, despite its name, Crowne Plaza did not franchise the hotel where Plaintiff was trafficked. Defendant Crowne Plaza also says that it has no relevant contacts with Ohio.

Because evidence shows that Defendant Crowne Plaza did not franchise any hotel where Plaintiff was allegedly trafficked, Crowne Plaza lacks a connection to this case.

---

[1] Doc. 79 at ¶¶ 61–87.
[2] *Id.* at ¶ 30.
[3] Doc. 170.

Case No. 1:23-cv-00871
GWIN, J.

Therefore, the Court does not have personal jurisdiction over Defendant Crowne Plaza.  The Court **GRANTS** Crowne Plaza's motion and **DISMISSES** Crowne Plaza.

## I.   LEGAL STANDARD

Courts evaluate motions to dismiss for lack of personal jurisdiction under a burden shifting framework.[4]

First, the plaintiff must make a prima facie case for personal jurisdiction.[5] The plaintiff can do so "merely through the complaint."[6]  If the plaintiff has successfully made a prima facie case, the burden shifts to the defendant to support its personal jurisdiction motion with evidence.[7]  Finally, if the defendant has adequately supported its motion with evidence, the burden shifts back to the plaintiff, "who may no longer stand on [her] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."[8]

## II.   DISCUSSION

The Court cannot exercise personal jurisdiction over Defendant Crowne Plaza unless Crowne Plaza "is amenable to service of process under [Ohio]'s long-arm statute and [] the exercise of personal jurisdiction would not deny [] due process."[9]  The Court finds that exercising personal jurisdiction over Crowne Plaza would violate due process.  As due process resolves this motion, the Court does not address Ohio's long-arm statute.

Due process provides for two types of personal jurisdiction: general jurisdiction and specific jurisdiction.[10]

---

[4] *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 437 (6th Cir. 2022).
[5] *Id.*
[6] *Id.* (quoting *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020)).
[7] *Id.*
[8] *Id.* at 437–38 (internal quotation marks omitted) (quoting *Malone*, 965 F.3d at 504).
[9] *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)).
[10] *Id.* at 873.

Case No. 1:23-cv-00871
GWIN, J.

**General Jurisdiction.** Usually, general jurisdiction over a company exists where the company is incorporated or where the company's principal place of business is located.[11] But in rare cases, a state may have general jurisdiction over a company if that company's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."[12]

Plaintiff S.C. fails to show general jurisdiction over Defendant Crowne Plaza at the first step of the burden shifting framework.

Plaintiff alleges that Crowne Plaza is a Delaware corporation and does not allege where Crowne Plaza's principal place of business is located.[13] So, Plaintiff has not made a prima facie case that Crowne Plaza is located within Ohio for general jurisdiction purposes.

Nor has Plaintiff alleged that Crowne Plaza has such "continuous and systematic" Ohio contacts that Crowne Plaza is essentially at home in Ohio. Even if the Court accepted the allegations in the light most favorable to Plaintiff, at most Plaintiff has alleged that Defendant Crowne Plaza owned or operated a single Ohio hotel.[14] This contact is not enough to establish a prima facie case of general jurisdiction.[15]

**Specific Jurisdiction.** For specific jurisdiction to be proper under due process, three elements are required: (1) the defendant purposefully availed itself of the forum state; (2) the claims raised in the case "arise out of or relate to" the defendant's forum contacts; and (3) exercising personal jurisdiction would be reasonable.[16]

---

[11] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).
[12] *Id.* at 139 (alteration in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).
[13] Doc. 79 at ¶ 30.
[14] *Id.* at ¶¶ 30–31.
[15] *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984) (explaining that general jurisdiction requires contacts of a magnitude similar to maintaining a de facto principal place of business in a forum state).
[16] *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023) (citations omitted).

Case No. 1:23-cv-00871
GWIN, J.

Neither party suggests that Plaintiff S.C. has failed to make a prima facie showing of specific personal jurisdiction, so the Court moves to the second burden shifting step requiring Defendant Crowne Plaza to rebut specific jurisdiction with facts.

Crowne Plaza satisfies this second step. To rebut purposeful availment, Crowne Plaza has provided affidavits stating that Crowne Plaza neither owns, operates, nor franchises any hotels, including the hotels where Plaintiff was allegedly trafficked.[17] In fact, the affidavits say that Defendant Crowne Plaza exists as an entity solely to hold stock and receive dividends.[18] Crowne Plaza otherwise does not do any business.[19] And Crowne Plaza has no employees.[20] Since Crowne Plaza does no business anywhere, let alone in Ohio, Crowne Plaza has not purposefully availed itself of Ohio.[21]

Crowne Plaza also rebuts the "arise out of or relate to" element. Defendant Crowne Plaza offers two franchise agreements that show Crowne Plaza is not the franchisor for the hotel where Plaintiff was allegedly trafficked. Instead, Defendant Holiday Hospitality Franchising, LLC is the franchisor.[22]

Defendant Crowne Plaza's only supposed link to the events in this lawsuit is the allegation that Crowne Plaza is the franchisor for one of the hotels where Plaintiff was allegedly trafficked.[23] By breaking that connection, Crowne Plaza has shown that, even if Crowne Plaza had Ohio contacts, this case does not arise out of or relate to those contacts.

---

[17] Doc. 171 at ¶¶ 4–6, 18.
[18] *Id.* at ¶ 11.
[19] *Id.*
[20] *Id.*
[21] *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985) (no purposeful availment when the defendant does not "deliberately [] engage[] in significant activities within a State, or [] create[] continuing obligations between himself and residents of the forum") (cleaned up).
[22] *See* Docs. 172-1, 172-2. Although one franchise agreement involves Holiday Hospitality Franchising, Inc., rather than the LLC entity that is a defendant here, the two Holiday Hospitalities are the same. Doc. 172 at ¶ 2.
[23] Doc. 79 at ¶ 30.

- 4 -

Case No. 1:23-cv-00871
GWIN, J.

Since Defendant Crowne Plaza provided evidence at the second burden shifting step, Plaintiff S.C. can no longer "stand on [her] pleadings."[24] Rather, Plaintiff must offer "specific facts showing that the court has jurisdiction."[25] Put differently, Plaintiff needs to provide *evidence*, not just *allegations*.

Plaintiff has not done so. Plaintiff offers no evidence, and instead continues to rely on her complaint's allegations—precisely what is not allowed. Plaintiff's contrary arguments are not persuasive.

First, Plaintiff claims that the Court may not rely on Crowne Plaza's affidavits. Citing *Malone v. Stanley Black & Decker, Inc.*, Plaintiff argues that a defendant may not "defeat[] personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged."[26]

But Plaintiff ignores key language from *Malone*. In *Malone*, it was improper to consider the affidavits because the *Malone* district court had not "first allow[ed] any form of discovery" through which the *Malone* plaintiff could have gathered evidence to rebut the affidavits.[27]

In this case, unlike in *Malone*, discovery was well underway by the time Defendant Crowne Plaza filed its personal jurisdiction motion. So, Plaintiff S.C. had the opportunity to take jurisdictional discovery. Plaintiff cannot avoid dismissal by arguing that she didn't take advantage of that opportunity.

---

[24] *Peters Broad.*, 40 F.4th at 437 (citation omitted).
[25] *Id.* at 437–38 (citation omitted).
[26] 965 F.3d at 505 (quoting *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012)).
[27] *Id.* at 506.

- 5 -

Case No. 1:23-cv-00871
GWIN, J.

Moreover, Defendant Crowne Plaza did not merely "fil[e] a written affidavit contradicting jurisdictional facts."[28] Crowne Plaza provided franchise agreements as evidence separate from its affidavits.[29] Thus, *Malone* does not apply here.

Second, Plaintiff suggests that the franchise agreements are not sufficient on their own to resolve the relevant personal jurisdiction questions. According to Plaintiff, more factual development is needed.[30]

Plaintiff relies on a district court's decision in *A.W. v. Red Roof Inns, Inc.*[31] But *A.W.* involves a different issue. The *A.W.* defendant conceded that it was a party to the relevant franchise agreement, but the *A.W.* defendant argued that the franchise agreement's terms showed that it did not control the hotel where alleged trafficking occurred.[32]

By contrast here, Defendant Crowne Plaza does not argue that the franchise agreements' terms fail to establish control. Crowne Plaza's argument is much simpler: Crowne Plaza is not a party to the franchise agreement at all, so Crowne Plaza has no relevant connection to this case's events. This argument does not require more factual development. Crowne Plaza's lack of involvement is clear from the fact that Crowne Plaza is not a franchise agreement signatory.[33]

Third, Plaintiff S.C. argues that the franchise agreements give Defendant Crowne Plaza control over the hotel where Plaintiff was allegedly trafficked.[34] Again, Crowne Plaza is not a party to the franchise agreements. Any terms that may or may not give the franchisor

---

[28] *Id.* at 505.
[29] *See* Docs. 172-1, 172-2.
[30] Doc. 219 at 7–8.
[31] No. 2:21-cv-04934, 2022 WL 17741050 (S.D. Ohio Dec. 16, 2022).
[32] *Id.* at *4.
[33] Docs. 172-1, 172-2.
[34] Doc. 219 at 10–12.

Case No. 1:23-cv-00871
GWIN, J.

control over the hotel do not apply to Crowne Plaza because Crowne Plaza is not the franchisor.

Finally, Plaintiff S.C. implies that the Court can attribute Defendant Holiday Hospitality's contacts to Defendant Crowne Plaza because they both fall under the same corporate umbrella.[35] Plaintiff appears to be making an alter ego argument.

In deciding whether two entities are alter egos, "courts are to look for two entities acting as one."[36] That is, courts look to see if one entity "exerts so much control over the [other] that the two do not exist as separate entities but are one and the same for purposes of jurisdiction."[37]

The complaint contains no allegations describing how Defendant Crowne Plaza exerts control over any other defendant, or how any other defendant exerts control over Crowne Plaza. As such, Plaintiff S.C. has not made a prima facie case for alter ego jurisdiction.

In summary, the Court finds that Plaintiff presented a prima facie case of specific jurisdiction. Defendant Crowne Plaza rebutted that prima facie case with affidavits and franchise agreements. Through those affidavits and franchise agreements, Crowne Plaza showed that it lacked contacts with Ohio and that it is not the hotel franchisor for any hotel where Plaintiff was allegedly trafficked. At the final step of the burden shifting framework, Plaintiff failed to present specific facts or evidence countering Crowne Plaza's rebuttal. Therefore, the Court does not have specific jurisdiction over Crowne Plaza.

---

[35] Doc. 219 at 10.
[36] *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 848 (6th Cir. 2017).
[37] *Id.* (quoting *Indah v. U.S. S.E.C.*, 661 F.3d 914, 921 (6th Cir. 2011)).

- 7 -

Case No. 1:23-cv-00871
GWIN, J.

### III. CONCLUSION

The Court lacks personal jurisdiction over Defendant Crowne Plaza, so the Court **GRANTS** Crowne Plaza's motion and **DISMISSES** Crowne Plaza from this case. Because the Court has no jurisdiction, the Court does not address Crowne Plaza's failure-to-state-a-claim arguments.

IT IS SO ORDERED.

Dated: March 4, 2024      *s/   James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE