UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| S.C., | CASE NO. 1:23-cv-00871 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Doc. 272] |
| v. | |
| WYNDHAM HOTELS AND RESORTS, INC., et al., | |
| Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this hotel sex trafficking case, Plaintiff S.C. and Defendant Wyndham Hotels and Resorts, Inc. have a discovery dispute over document production. The parties disagree over the search procedure that Wyndham must conduct for document production.

Some search terms hit on hundreds of thousands of documents.[1] Requiring Wyndham to review that many documents is disproportionate to the needs of this case, so the Court ordered the parties to suggest how the proposed searches could be narrowed.[2]

After reviewing the parties' submissions on the issue, the Court **ORDERS** Defendant Wyndham to run the following searches over emails and their attachments only:

- "human trafficking";
- (viol* OR abus* OR crim*) /50 (girl* OR wom* OR hooker OR prostitute*).

Defendant Wyndham shall review all documents in these searches for responsiveness to Plaintiff S.C.'s document requests.

---

[1] Doc. 269 at 3.
[2] Doc. 270.

Case No. 1:23-cv-00871
GWIN, J.

The Court finds that these searches sufficiently balance proportionality with Plaintiff's discovery needs.

For one, the search terms are targeted to the alleged sex trafficking conduct at the heart of this case. The "human trafficking" term directly corresponds to trafficking. And the second term is closely tied to sex trafficking's legal definition, which requires use of force, threat, fraud, or coercion.[3]

The other disputed search terms are too disconnected from sex trafficking's legal definition. The search term "pimp*" would capture documents discussing voluntary commercial sex. But sex trafficking only includes coerced commercial sex. And the term, "(backpage OR craigslist OR ad) AND (prostitute* OR solicit* OR hooker* OR pimp* OR escort*)," is likely to capture all manner of documents unrelated to commercial sex at all. In particular, the combination of "(craigslist OR ad) AND solicit*" would sweep in many documents where someone seeks to sell something online, even if unrelated to sex.

While it may have been proportional to require these last two search terms if the number of document hits were lower, the high document volumes in this situation make these two search terms disproportionate.

Moreover, it is reasonable to limit the searches to emails and their attachments. It is likely that the most relevant evidence for Plaintiff's case will be in emails because emails are more spontaneous and less curated than other documents. And, to the extent other documents such as Word or Powerpoint files contain relevant information, it seems likely that those documents would have been attached to an email at some point. For example,

---

[3] 18 U.S.C. § 1591(a). Sex trafficking's definition also includes the involvement of minors, regardless of whether force was used. *Id.* But neither party has indicated that part of the definition is at issue in this discovery dispute.

- 2 -

Case No. 1:23-cv-00871
GWIN, J.

employees could have shared them with each other as they were preparing the documents or forwarded the documents to meeting participants ahead of a meeting.

Therefore, the Court **ORDERS** the parties to proceed with discovery as discussed in this Order.

IT IS SO ORDERED.

Dated: March 5, 2024         *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE